**In re Petition for Disciplinary Action against Richard DELONG, an Attorney at Law of the State of Minnesota.**

No. C3–89–442.

Supreme Court of Minnesota.

March 27, 1989.

### ORDER

After the Director of Lawyers Professional Responsibility had served the respondent Richard Delong with a petition in which it was alleged the respondent had violated certain rules of professional conduct, the parties entered into a stipulation in which they agreed to dispense with panel proceedings under Rule 9 of the Rules on Lawyers Professional Responsibility and in which the respondent agreed to waive his rights under Rule 14 and Rule 28 of Rules on Lawyers Professional Responsibility. They also stipulated and recommended to this court that it accept respondent's unconditional admission of the factual statement with respect to the respondent's disability prohibiting him from effectively practicing law.

The court having examined the petition, the attachments thereto, and the stipulation NOW ORDERS:

1. As of the date hereof, the respondent Richard Delong is immediately transferred to disability inactive status pursuant to Rule 28(b), Rules on Lawyers Professional Responsibility.

2. That respondent shall not be reinstated until after the hearing provided for in Rule 28(d) and Rule 18, Rules on Lawyers Professional Responsibility.

3. That further proceedings on the Director's petition for disciplinary action shall be held in abeyance so long as respondent remains on disability inactive status.

4. That before respondent shall be reinstated pursuant to Rule 18 and Rule 28, Rules on Lawyers Professional Responsibility, the Director's allegations of misconduct shall be considered.

5. That if and when the respondent seeks reinstatement, either party to the stipulation or to the action may recommend what it considers to be appropriate discipline to the court.